1   WO

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9   David Munoz,                           No. CV-14-2150-TUC-DTF

10                    Petitioner,           **ORDER**

11  v.

12  Charles L. Ryan, et al.,

13                    Respondents.

14

15          Petitioner David Munoz, presently incarcerated at the Arizona State Prison-

16  Meadows Unit, in Florence, Arizona, has filed a Petition for Writ of Habeas Corpus

17  pursuant to 28 U.S.C. § 2254. Before the Court are the Petition (Doc. 1), Respondents'

18  Answer (Doc. 14) and Petitioner's Reply (Doc. 15). The parties have consented to

19  Magistrate Judge jurisdiction. (Doc. 12.)

20                    **FACTUAL AND PROCEDURAL BACKGROUND**

21          Munoz was convicted in the Superior Court of Pima County on one count of

22  sexual abuse, one count of sexual abuse of a minor under 15, molestation of a child,

23  aggravated assault of a minor, and sexual abuse. (Doc. 14, Ex. E at 4.) On October 19,

24  2011, he was sentenced to a mix of concurrent and consecutive sentences, totally 28.5

25  years. (*Id*. at 8-9.)

26          The convictions were based on the following facts, as summarized by the appellate

27  court:

28          In April 2010, Munoz followed J.G. and her minor sister F.G. as they left a
            convenience store. After following them for some distance, Munoz "r[an]

towards [them] with his hands extended" and "grabbed" them on their "buttocks." J.G. and F.G. screamed and told Munoz to "leave [them] alone." Both J.G. and F.G. struggled with Munoz as he pulled on their shirts and touched them both over and under their clothing. While trying to pull Munoz away from her sister, F.G. fell to the ground and Munoz "threw himself upon her" and tried to remove her shorts. J.G. pulled Munoz off of F.G., and F.G. ran to a nearby business to get help. Munoz told J.G. not to scream and left the area shortly thereafter.

Law enforcement officers arrived at the scene, spoke with J.G. and F.G., photographed them, and collected D.N.A. swabs from their skin and from under their fingernails. After J.G. identified Munoz in a videotaped recording taken from a security camera at the convenience store, Munoz was located and arrested.

(Doc. 14, Ex. A at 2.)

Munoz filed an appeal, and the Arizona Court of Appeals affirmed his convictions and sentences. (*Id.*, Exs. A, H.) Munoz's request for review in the Arizona Supreme Court was denied. (*Id.*, Exs. I, J.) Munoz filed a notice of post-conviction relief (PCR). (*Id.*, Ex. K.) Appointed counsel found no claims for relief and the PCR court granted Munoz leave to file a pro se petition. (*Id.*, Exs. L, M.) Munoz requested dismissal of the PCR proceeding, which was granted. (*Id.*, Exs. N, O.)

## DISCUSSION

Munoz raises one claim in his Petition, that the trial court's refusal to give a particular jury instruction denied him a fair trial in violation of due process. Respondents contend the claim is not cognizable and/or procedurally defaulted.

Munoz requested a jury instruction based on the prosecution's failure to preserve the victims' clothing. The requested instruction was based on *State v. Willits*, 393 P.2d 274, 96 Ariz. 184 (1964), and stated:

If you find that the plaintiff, the State of Arizona, has destroyed, caused to be destroyed, or allowed to be destroyed any evidence whose contents or quality are in issue, you may infer that the true fact is against their interest.

Munoz argued that DNA testing of the clothing could have contradicted the victims' statements about where they were touched. Also, examination of the clothes could have shown if their shirts were stretched or if the back side of F.G.'s clothes were dirty, which could contradict the victims' statements about the attack.

- 2 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Andrea Gemson from the Tucson Police Department Crime Lab testified at a pre-trial hearing. (Doc. 14, Ex. G at 23-31.) She stated that, in her experience, it is rare to get results for touch (or trace) DNA on clothing, and she would likely not be able to tell where a touch occurred on the clothing because the DNA could have transferred from one spot to another. (*Id.* at 25-26.) The trial court denied Munoz's request from the bench:

> Any materiality of the clothes in this case is highly speculative based on the testimony of Ms. Gemson, and based on the facts of the case itself, and any indication of prejudice is, well, it's extremely miniscule.
>
> There is no prejudice because, frankly, my understanding is that there was admitted contact. And obviously anything that could have been – and probably would not have shown up on the clothes – but if it had, there would have been certainly an argument that some contact had been made and that perhaps it was a transfer of DNA from another part of the clothing. So there's no basis for it, the *Willits* motion is denied.

(*Id.* at 37.)

The Arizona Court of Appeals went over the necessary showing for a *Willits* instruction: "the 'defendant must show (1) that the state failed to preserve material and reasonably accessible evidence having a tendency to exonerate him, and (2) that this failure resulted in prejudice.'" (Doc. 14, Ex. A at 3 (quoting *State v. Speer*, 221 Ariz. 449, ¶ 40, 212 P.3d 787, 795 (2009).) In affirming the trial court's ruling and finding that Munoz's claim was "wholly speculative," the appellate court provided the following explanation:

> Munoz has not pointed to any evidence to support his claim that an absence of his DNA on the clothing would be significant or would tend to exonerate him. . . . In fact, the state's criminologist testified that it was "[r]are" to obtain DNA from clothing based on touch. And, even if the clothing was not stretched or soiled, that would not have been inconsistent with the victims' accounts of Munoz's actions. J.G. testified that Munoz did not pull on her shirt with enough force to tear it, and F.G. testified that Munoz only attempted to rip off her shirt. In any event, using photographs of the victims that showed the front of their shirts, Munoz pointed out during closing argument that the shirts depicted in the photographs were neither soiled nor stretched.

1
2
3

(Doc. 14, Ex. A at 4 (internal citations and footnotes omitted).) The court also noted that Munoz acknowledged touching the victims on the buttocks, and Munoz's DNA was found under J.G.'s fingernails. (*Id.* at 4 nn.2, 4.)

4

**Cognizability**

5
6
7
8
9
10

Respondents argue that Munoz's claim – that the trial court failed to give a *Willits* instruction – is merely a state law claim and is not cognizable. The Supreme Court recognizes that a habeas court may review a claim alleging that the denial of a jury instruction so infected the entire trial that a petitioner was denied a fair trial as guaranteed by the Due Process clause. *See Henderson v. Kibbe*, 431 U.S. 145, 155 (1977). This is exactly what Munoz argues in his Petition.[1] Therefore, the claim is cognizable.

11

**Exhaustion**

12
13

Respondents argue that Munoz did not exhaust a federal due process claim in state court and, therefore, this claim is procedurally defaulted.

14

Principles of Exhaustion and Procedural Default

15
16
17
18
19
20
21
22

A writ of habeas corpus may not be granted unless it appears that a petitioner has exhausted all available state court remedies. 28 U.S.C. § 2254(b)(1); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991). To properly exhaust, a petitioner must "fairly present" the operative facts and the federal legal theory of his claims to the state's highest court in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 277-78 (1971).

23
24
25

In Arizona, there are two primary procedurally appropriate avenues for petitioners to exhaust federal constitutional claims: direct appeal and PCR proceedings. A habeas petitioner's claims may be precluded from federal review in two ways. First, a claim may

26
27
28

---

[1] Respondents also argue that Munoz's allegations do not amount to an *Arizona v. Youngblood*, 488 U.S. 51 (1988) violation, because he has not alleged bad faith by the police. Respondents are correct that Munoz has not alleged bad faith, therefore, the Court does not evaluate a *Youngblood* claim.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

be procedurally defaulted in federal court if it was actually raised in state court but found by that court to be defaulted on state procedural grounds. *Coleman*, 501 U.S. at 729-30. Second, a claim may be procedurally defaulted if the petitioner failed to present it in state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman*, 501 U.S. at 735 n.1; *see also Ortiz v. Stewart*, 149 F.3d 923, 931 (9th Cir. 1998) (stating that the district court must consider whether the claim could be pursued by any presently available state remedy). If no remedies are currently available pursuant to Rule 32, the claim is "technically" exhausted but procedurally defaulted. *Coleman*, 501 U.S. at 732, 735 n.1; *see also Gray v. Netherland*, 518 U.S. 152, 161-62 (1996).

Analysis

On appeal, Munoz argued that the trial court abused its discretion by denying the requested *Willits* instruction. Within the discussion, he cited the United States Constitution to support his argument that a defendant has a fair trial and due process right to proper jury instructions. (Doc. 14, Ex. H at 4.) Munoz also twice cited the case of *Taylor v. Kentucky*, 436 U.S. 478, 488-90 (1978), in which the Court held that a trial court had violated the Due Process Clause by denying a jury instruction on the presumption of innocence. (*Id.* at 5, 10.) Munoz concluded his brief by arguing that he was denied a fair trial, which is the constitutional Due Process right the Supreme Court found had been violated in *Taylor*. (*Id.* at 10.) Review of Munoz's appellate brief demonstrates that he fairly presented this claim to the Arizona Court of Appeals. Although the state appellate court did not expressly address the federal claim, because his appeal was denied this court presumes the claim was adjudicated on the merits. *Johnson v. Williams*, 133 S.Ct. 1088, 1096 (2013). Respondents have not rebutted that presumption. Therefore, the claim is properly exhausted and the Court will review it on the merits.

**Merits**

Legal Standards For Relief Under The AEDPA

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a "substantially higher threshold for habeas relief" with the "acknowledged purpose of 'reducing delays in the execution of state and federal criminal sentences.'" *Schriro v. Landrigan*, 550 U.S. 465, 473-74 (2007) (quoting *Woodford v. Garceau*, 538 U.S. 202, 206 (2003)). The AEDPA's "highly deferential standard for evaluating state-court rulings' . . . demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*,  537 U.S. 19, 24 (2002) (per curiam) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n. 7 (1997)).

Under the AEDPA, a petitioner is not entitled to habeas relief on any claim "adjudicated on the merits" by the state court unless that adjudication:

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The last relevant state court decision is the last reasoned state decision regarding a claim. *Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991)); *Insyxiengmay v. Morgan*, 403 F.3d 657, 664 (9th Cir. 2005).

Analysis

A habeas court's review of a failure to give a jury instruction is limited to a determination of whether the failure so infected the entire trial that the defendant was deprived of his right to a fair trial. *See Dunckhurst v. Deeds*, 859 F.2d 110, 114 (9th Cir. 1988). Because the omission of an instruction is less likely to be prejudicial than a misstatement of the law, a habeas petitioner whose claim involves a failure to give a particular instruction bears an "especially heavy" burden. *Henderson*, 431 U.S. at 155.

The state court's denial of a *Willits* instruction did not violate Munoz's right to a fair trial. The trial court's denial was well-founded because Munoz did not show the evidence was material and tended to exonerate him. If the instruction had been given, the jury could have inferred that the victims' clothes would not have been dirty or stretched, and that Munoz's DNA would not have been detected on the clothes. The jury would not have been required to draw such an inference and, if they had, it is not a weighty one. The absence of DNA or damage to the clothing is not directly contradictory of the victims' testimony. And, in light of Gemson's testimony, the absence of DNA evidence would not have been probative.

Munoz was not denied the ability to present any theory of defense, he was denied only an inference about certain evidence. Even in the absence of the requested instruction, Munoz's counsel presented the defense, arguing that the victims' shirts were not soiled or stretched based on photographs that were presented to the jury. Munoz acknowledges that his counsel also argued that the police failed to collect the victims' clothing and that officers' testified it might have been of evidentiary value. Munoz has not met the heavy burden of demonstrating that the lack of a *Willits* instruction deprived him of a fair trial.

Munoz argues that the state court's fact finding was unreasonable, and he is entitled to relief under 28 U.S.C. § 2254(d)(2). This Court is not persuaded that Munoz has met the high standard of establishing that the state court's fact finding was objectively unreasonable. However, even if a petitioner satisfies section (d)(2), he is not automatically entitled to relief; rather, AEDPA deference no longer applies and the claim is reviewed de novo. *See Maxwell v. Roe*, 628 F.3d 486, 506 (9th Cir. 2010); *Panetti v. Quarterman*, 551 U.S. 930, 953 (2007). Because Munoz failed to establish that he was denied a fair trial, he cannot obtain relief under § 2254 (d)(1) or (d)(2).

1

**CERTIFICATE OF APPEALABILITY**

2

3         Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court

4    must issue or deny a certificate of appealability (COA) at the time it issues a final order

5    adverse to the applicant. A COA may issue only when the petitioner "has made a

6    substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This

7    showing can be established by demonstrating that "reasonable jurists could debate

8    whether (or, for that matter, agree that) the petition should have been resolved in a

9    different manner" or that the issues were "adequate to deserve encouragement to proceed

10   further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463

11   U.S. 880, 893 & n.4 (1983)). The Court finds that reasonable jurists could not debate that

12   the merits of the claim should have been resolved differently. Therefore, a COA will not

13   issue.

         Accordingly,

14       **IT IS ORDERED** that the Petition for Writ of Habeas Corpus is **DISMISSED**.

15       **IT IS FURTHER ORDERED** that the Clerk of Court should enter judgment and

16   close this case.

17       **IT IS FURTHER ORDERED** that, pursuant to Rule 11 of the Rules Governing

18   Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a

19   certificate of appealability.

         Dated this 5th day of February, 2015.

20

21

22

23

24

                                                    D. Thomas Ferraro
25                                              United States Magistrate Judge

26

27

28